# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JOSE CLARK-HILERY,**

    **Plaintiff,**

                                                     **Case No.**

**v.**

**MARKETOPIA LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE CLARK-HILERY, by and through his undersigned counsel, sues the Defendant, MARKETOPIA, LLC, (hereinafter referred to as "MARKETOPIA") and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

3. On May 3, 2022, Plaintiff timely filed his Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

4. On November 11, 2022, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

5. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## PARTIES

6. Plaintiff resides in Hillsborough County, Florida.

7. Defendant Marketopia is a Florida Limited Liability Company, licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County, Florida.

8. Defendant is an employer as defined by the laws under which this action is brought and employed the required number of employees.

## FACTUAL ALLEGATIONS

9. Plaintiff is a 45-year-old gay male.

10. On August 9, 2021, Plaintiff began his employment with Defendant as Director of Call Center Services. In that role, Plaintiff was part of Defendant's executive team ("L10").

11. From early in Plaintiff's employment with Defendant, Terry Hedden (CEO) made offensive and discriminatory comments about Plaintiff's sexual orientation.

12. On September 7, 2021, Terry Hedden, in front of Kim Roneree (Human Resources) and James Belvedere (Success Coach Manager), told Plaintiff that he acted and dressed "flamboyant." Immediately, Plaintiff told Hedden that his comments were rude and inappropriate, but Hedden disagreed and refused to apologize.

13. On January 5, 2022, Plaintiff met with Terry Hedden and Anton Wurr (Vice President of Marketing). During the meeting, Hedden made comments like "just between us girls" and "Jose, you're talking out of your butt." Plaintiff told Hedden that his statements made him feel uncomfortable. Instead of apologizing, Hedden scolded Plaintiff and told him that he was being insubordinate for bringing it up.

14. During his employment with Defendant, Plaintiff had four one-on-one meetings with Terry Hedden. During each meeting, Hedden was aggressive toward Plaintiff and regularly brought up Plaintiff's homosexuality during the meetings. For example, Hedden told Plaintiff that he was an "unpolished leader" because Plaintiff was discussing his homosexuality in the workplace. When Plaintiff asked Hedden for examples of what he was saying that was improper, Hedden could not provide any details.

15. In or around late December 2021, Andra Hedden (Chief Marketing Officer) requested to meet with Plaintiff, along with Alex Mayes (Human Resources). During the meeting, Andra Hedden brought up allegations against Plaintiff. Plaintiff explained that there were only two claims that were brought to his attention, and both were investigated and unfounded. Additionally, Plaintiff asked Andra Hedden why any of the other allegations she was alluding to were not brought to Human Resource's attention.

16. Later that day, Mayes called Plaintiff and confirmed that the two allegations were false, and she was unaware of any other allegations that Andra Hedden might have been referring to.

17. On January 18, 2022, Plaintiff had his 90-day review with Terry Hedden. Plaintiff's 90-day review should have taken place on November 15, 2021, but Terry Hedden wanted to have an "official" 90-day review on this date. Like

most of Plaintiff's meetings with Terry Hedden, his focus was to accuse Plaintiff of making homosexual jokes without providing Plaintiff with any specifics or examples of things Plaintiff said that were improper. During the meeting, Terry Hedden stated: "I'm tired of you thinking it is ok to flaunt your homosexuality."

18. On January 19, 2022, Plaintiff sent an email to Terry Hedden regarding his thoughts on the 90-day review. In the email, Plaintiff told Hedden that his "flamboyant" comment bothered Plaintiff to his core. Plaintiff reminded Hedden that he previously told him that it was offensive to Plaintiff as a gay man and when Hedden immediately stopped Plaintiff and told Plaintiff that it was not. Therefore, Plaintiff explained to Hedden why it was offensive to him as a member of the LGBTQ+ community.

19. In response, Terry Hedden provided Plaintiff with the American Heritage dictionary definition of flamboyant and stated that he was offended by Plaintiff feeling that it was a derogatory comment. Hedden continued by stating that the word "has absolutely nothing specific to do with being gay or LGBTQ+" and that there was "nothing offensive" about what he said. Hedden further stated: "You can be offended by anything anyone says, obviously, but it doesn't make that valid to others or a fair accusation to make about someone." Hedden characterized Plaintiff's concerns as "gaslighting comments" and stated again that *he* was offended.

20. On January 21, 2022, Plaintiff spoke with Terry Hedden, Andra Hedden, and Melissa Santos (Director of Finance who was acting in a Human Resources role) regarding Plaintiff's January 19, 2021, email and his concerns about his 90-day review. They tried to smooth things over and act as if it was not that bad. Terry Hedden stressed that Plaintiff could have gone to him with his concerns. Plaintiff apologized for not speaking up sooner about his concerns and agreed that he could have talked to him about his concerns, but Plaintiff was uncomfortable based on their past interactions.

21. On January 22, 2022, Terry Hedden sent Plaintiff a text message stating that it "really meant a lot" to him for Plaintiff to apologize for what he said in his January 19, 2022, email. Hedden also stated he would never intentionally say or do anything to hurt Plaintiff in any way. Plaintiff responded, stating that he knew, and seriously meant what he said.

22. On January 24, 2022, Plaintiff clarified with Terry Hedden that he was not apologizing for anything that he said in the meeting and his apology was for not speaking up sooner about everything.

23. On January 26, 2022, Plaintiff was questioned by Mayes about the location of his personnel file because she claimed it was missing. It was not. Plaintiff reached out to Roneree, she informed Plaintiff of the location of his personnel file, and Plaintiff relayed the information to Mayes.

24. That same day, Plaintiff was told by Santos that Terry Hedden and Andra Hedden thought that Roneree took his personnel file when she left Defendant.

25. On January 27, 2022, Terry Hedden sent Plaintiff an email criticizing Plaintiff about a Tampa Bay Buccaneers game/tailgate from October 2021. Plaintiff told Hedden that he was working in a hostile work environment and a few minutes later, Plaintiff received an invite to meet with Andra Hedden at the end of the workday.

26. At the meeting, Andra Hedden and Santos discussed Plaintiff's concerns about the criticism he received regarding the Buccaneers game. Then, Andra Hedden told Plaintiff that she received several complaints about him that week. Hedden claimed that Plaintiff said he hated her and Mr. Hedden. Plaintiff denies making that comment.

27. Andra Hedden further claimed that Plaintiff was applying and interviewing for other jobs. He was not.

28. Lastly, Andra Hedden claimed that Plaintiff sought out an attorney regarding the comment made by Terry Hedden that Plaintiff acted and dressed flamboyant. Plaintiff had not.

29. Andra Hedden then informed Plaintiff that he was terminated from his employment with Defendant. At the end of the meeting, Terry Hedden walked

in, said that discussions about Plaintiff's homosexuality were a "consistent problem" and that people were complaining, but again Hedden did not provide examples. He then said: "at this point, I don't care, we just want you gone."

30. Defendant would not permit Plaintiff to retrieve his personal belongings. When Plaintiff's bag was brought to him, he noticed that it was ransacked, thrown in a box, and that thank you letters to his team were taken out of his bag and notes were removed from his notebook. Santos admitted that they went through Plaintiff's bag and stated it was because they wanted to remove items that "belonged" to the company.

31. By comparison, Jeff Law (Sales Manager) regularly made inappropriate workplace comments and had multiple disciplinary actions in his file but was not terminated by Defendant. In fact, during L10 meetings, Terry Hedden told Kevin Sabourin (Vice President of Sales) that Law should have been fired "years ago" for all of his workplace actions. Hedden told Sabourin that Law's file in Zenefits had over 40 workplace allegations against Law. Roneree asked Terry Hedden why Law was excluded from performance management, and he told Roneree that it was because Law was Defendant's top closer. For his part, Law referred to himself as a "walking HR nightmare."

## COUNT I
## TITLE VII—SEX HARASSMENT

32. Plaintiff, JOSE CLARK-HILERY, re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs one (1) through thirty-one (31).

33. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII").

34. The aforementioned actions by Terry Hedden constitute unwelcome sex-based harassment.

35. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

36. Defendant knew or should have known of the harassment of Plaintiff.

37. The aforementioned actions created a hostile environment and constitute discrimination on the basis of sex/sexual orientation, in violation of Title VII.

38. The sex-based harassment and conduct of Terry Hedden created a hostile work environment which interfered with Plaintiff's ability to perform his job.

39. Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

40. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

41. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT—SEX HARASSMENT

42. Plaintiff, JOSE CLARK-HILERY, re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs one (1) through thirty-one (31).

43. Plaintiff is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

44. The aforementioned actions by Terry Hedden constitute unwelcome sex-based harassment.

45. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

46. Defendant knew or should have known of the harassment of Plaintiff.

47. The aforementioned actions created a hostile environment and constitute discrimination on the basis of sex/sexual orientation, in violation of the Florida Civil Rights Act.

48. The sex-based harassment and conduct of Terry Hedden created a hostile work environment which interfered with Plaintiff's ability to perform his job.

49. Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

50. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

51. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.      Punitive damages;

      f.      Attorneys' fees and costs;

      g.      Injunctive relief; and

      h.      For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII - SEX DISCRIMINATION

52. Plaintiff, JOSE CLARK-HILERY, re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs one (1) through thirty-one (31).

53. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII").

54. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of sex/sexual orientation by terminating Plaintiff's employment.

55. Defendant's adverse employment actions toward Plaintiff were motivated by sex-based considerations.

56. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

57. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

58. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION

59. Plaintiff, JOSE CLARK-HILERY, re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs one (1) through thirty-one (31).

60. Plaintiff is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

61. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his sex/sexual orientation by terminating Plaintiff's employment.

62. Defendant's adverse employment action toward Plaintiff was motivated by sex-based considerations.

63. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

64. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

65. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT V
## TITLE VII – RETALIATION

66. Plaintiff, JOSE CLARK-HILERY, re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs one (1) through thirty-one (31).

67. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII").  Specifically, Plaintiff opposed sex-based harassment and discrimination by making reasonable, good-faith complaints of harassment and discrimination.

68. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action when Plaintiff's employment was terminated.

69. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to his opposition and resistance of sex-based harassment and discrimination.

70. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964.

71. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

72. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT—RETALIATION

73. Plaintiff, JOSE CLARK-HILERY, re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs one (1) through thirty-one (31).

74. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff opposed sex-based harassment and discrimination by making reasonable, good-faith complaints of harassing and discriminatory behavior.

75. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action when Plaintiff's employment was terminated.

76. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to his opposition and resistance of sex-based harassment and discrimination.

77. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of the Florida Civil Rights Act.

78. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

79. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

  g.  Injunctive relief; and

  h.  For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

80. Plaintiff demands a trial by jury on all issues so triable.

**DATED** this 9th day of February 2023.

          FLORIN GRAY BOUZAS OWENS, LLC

          /s/Gregory A. Owens
          GREGORY A. OWENS, ESQUIRE
          Florida Bar No.: 51366
          greg@fgbolaw.com
          WOLFGANG M. FLORIN, ESQUIRE
          Florida Bar No.: 907804
          wflorin@fgbolaw.com
          16524 Pointe Village Drive
          Suite 100
          Lutz, Florida 33558
          (727) 220-4000
          (727) 483-7942 (fax)
          *Trial Attorneys for Plaintiff*